ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION T/C/C FANNIE MAE<br><br>Peticionario<br><br>v.<br><br>SUCN. DE MISAEL RODRÍGUEZ MARTÍNEZ Y SUCN. DE ARCELIDA RODRÍGUEZ PÉREZ, AMBAS COMPUESTAS POR SUS HEREDERAS CONOCIDAS, MARISELA RODRÍGUEZ, SANDRA RODRÍGUEZ Y DENISSE RODRÍGUEZ; FULANO DE TAL Y SUTANA DE TAL COMO HEREDEROS DESCONOCIDOS Y/O PARTES CON INTERÉS EN DICHAS SUCESIONES<br><br>Recurrida | KLCE202400422 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Sebastián<br><br>Caso Núm.: SS2021CV00394<br><br>Sobre: Cobro de Dinero y Ejecución de Hipoteca |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de mayo de 2024.

Comparece Federal National Mortgage Association t/c/c Fannie Mae (en adelante, parte peticionaria) mediante un recurso de *Certiorari,* para solicitarnos la revisión de la *Orden* emitida el 8 de marzo de 2024, notificada el 12 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Sebastián (en adelante, TPI).[1] Mediante la *Orden* recurrida, el foro primario declaró No Ha Lugar una *Solicitud de Orden y Mandamiento de Ejecución de Sentencia Enmendados*.

---
[1] Apéndice del recurso, a la pág. 1.

Número Identificador

RES2024_____

Luego de haber advenido final una Sentencia sobre cobro de dinero y ejecución de hipoteca, la parte peticionaria presentó una solicitud sobre ejecución de sentencia y sustitución de parte. Solicitó, además, que se les eximiera del pago de cualquier arancel subsiguientemente requerido en el proceso de ejecución de sentencia. El foro primario emitió una *primera* Orden en la cual concedió el remedio.[2] Posteriormente, *motu proprio* el tribunal recurrido emitió una *segunda* Orden, la cual es objeto de revisión.[3] En esta *segunda* Orden, identificada como Orden Enmendada, el TPI modificó la primera. En consecuencia, eliminó el lenguaje concerniente a eliminar la exención de derechos arancelarios de la parte peticionaria, como parte de los procedimientos de subasta. De ahí, la parte peticionaria le solicitó al foro primario que modificara la Orden Enmendada de forma tal que se mantuviese el lenguaje suprimido.[4] En respuesta, la primera instancia judicial declinó modificar la Orden Enmendada que eliminó el lenguaje sobe eximir a la parte peticionaria del pago de los derechos arancelarios.[5]

En desacuerdo, la parte peticionaria presentó un recurso de *Certiorari.* La parte recurrida no compareció.

Luego de haber evaluado el expediente en su totalidad, incluyendo, además, la *Orden* objeto de revisión, así como el derecho aplicable, no hemos encontrado que el foro primario haya actuado con prejuicio o parcialidad, que haya habido un craso abuso de discreción ni tampoco que la determinación sea manifiestamente errónea. Es por lo anterior, que no procede nuestra intervención en el recurso instado. Por tanto, en virtud de lo dispuesto en la Regla 52.1 de las Reglas de Procedimiento Civil[6], y la Regla 40 del

---

[2] *Id.,* a las págs. 10-12.
[3] *Id.,* a las págs. 5-7 y 8-9.
[4] *Id.,* a las págs. 2-4.
[5] *Id.,* a la pág. 1.
[6] 32 LPRA Ap. V, R. 52.1.

Reglamento de este Tribunal[7], acordamos denegar la expedición del auto de *Certiorari.*

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *Certiorari* y se devuelve el caso al foro primario para la continuación de los procedimientos.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[7] 4 LPRA Ap. XXII-B, R. 40.